```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
                                                        DOC #:
                                                        DATE FILED: 4-29-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNY CAMPOS,                               :
                                            :
                         Plaintiff,         :
                                            :                   MEMORANDUM
            - against -                     :                   OPINION & ORDER
                                            :
                                            :                   12 Civ. 951 (RLE)
THE CITY OF NEW YORK, et al.,               :
                                            :
                         Defendants.        :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On June 17, 2012, *pro se* plaintiff Kenny Campos ("Campos") submitted a Second

Amended Complaint to the *Pro Se* Office in this district, and on June 20, 2012, it was filed with

the Clerk of the Court.  This is an excessive force and inadequate medical care case arising out

of a May 19, 2010 altercation that took place while Campos was in the custody of the New York

City Department of Correction and incarcerated at Rikers Island.  On March 20, 2012, Chief

Judge Loretta Preska granted Campos's application to proceed *in forma pauperis*.  On January

11, 2013, Campos filed an application to the Court to request counsel, and subsequently,

requested counsel during a March 26, 2013 settlement conference.  For the reasons which

follow, Campos's request for the appointment of counsel is **GRANTED**.

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the

appointment of counsel.  *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981) (noting

Sixth Amendment right to counsel inapplicable to civil cases).  However, under 28 U.S.C. §

1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford

counsel." The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant. The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (citing *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).

The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

Campos satisfies the threshold requirement of indigence insofar as his request to proceed *in forma pauperis* was granted on March 20, 2012. Campos also satisfies the threshold requirement of a showing of some likelihood of merit. Campos alleges that a group of correction officers, including Defendant Correction Officer Rodriguez, used excessive force when they handcuffed Campos, unnecessarily sprayed his face with pepper spray, and subsequently broke his nose with a baton. (Second Am. Compl. 3-5.) Campos also alleges that after this assault, he received inadequate medical care for his nose, and he was stripped and forced to walk through

2

open areas nude. (*Id.*) Annexed to Campos's Complaint are medical records confirming that Campos suffered a fractured nose, facial contusions, and an injury to his right thumb. (*Id.* at 21-24.) On these allegations, no motion to dismiss has been filed, the assertions in the complaint are not inherently incredible, and the Parties attempted to settle this matter during a March 26, 2013 conference after engaging in some discovery. While the Court makes no finding of the ultimate merits or wrongdoing by anyone in this matter, at this stage of the litigation, Campos has demonstrated enough potential merit to have his case considered by the Court's *Pro Bono* Panel. Furthermore, Campos's language barrier has hindered his ability to fully understand court proceedings and makes it important that he be represented both in discovery and at trial.

After a careful review of Campos's application, the Court finds that the appointment of counsel is warranted in this case. Accordingly, Campos's motion is **GRANTED**. The *Pro Se* Office of the Court is directed to attempt to locate a volunteer attorney to represent Campos as soon as reasonably possible. Discovery shall proceed in this case. Campos is advised that although the Court finds it appropriate to request volunteer counsel, there is no guarantee that a volunteer attorney will decide to take the case. If no attorney volunteers, there is nothing more the Court can do. In this case, if Campos wishes to continue the case, he must do so *pro se*.

This decision resolves Docket #49.

**SO ORDERED this 29th day of April 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge